## In re WILSON'S ESTATE.

### WILSON v. JAY, Guardian, et al.

No. 13875—Opinion Filed March 27, 1923.

(Syllabus.)

**Appeal and Error—Jurisdiction—Questions Foreign to Record.**

In the exercise of its appellate jurisdiction, this court will not pass on a question foreign to the record, raised for the first time in the briefs, especially where the determination in no wise disposes of the assignments made in the petition in error, by which the jurisdiction of this court was invoked.

Error from District Court, Pawnee County; Redmond S. Cole, Judge.

Petitions by Kate Wilson for appointment of administrator of the estate of Charles Wilson, deceased; response by Cecil D. Jay, guardian of Nathaniel C. Wilson. Petition denied, and petitioner brings error.

Court declines to pass upon questions presented in briefs, and grants plaintiff in error 20 days to file brief on questions raised in petition in error, and defendant in error 20 days in which to answer.

L. V. Orton, for plaintiff in error.

McCollum & McCollum, for defendant in error.

BRANSON, J. The plaintiff in error, Kate Wilson, filed in the county court of Pawnee county, Okla., a petition, in the ordinary form, invoking the jurisdiction of the said county court to appoint an administrator of the estate of one Charles Wilson, alleging that the said decedent departed this life on the 14th day of November, 1921, in said county, and that he left real and personal estate in said county, the value and character of which is, to wit: "Lot 12, block 44, in the city of Pawnee * * * and other property, some of which is restricted Indian land, but petitioner does not know the legal description of all of the real estate." And further recited that the total valuation of the property did not exceed $10,000, and that she, as the widow, and one Nathaniel Wilson, 7 years of age, were the only heirs at law of the said decedent; that, as such widow, she waived her right to be appointed administratrix, and prayed the court to appoint one Vandervort as administrator of the estate. Notice was duly given, and the respondent herein, Cecil D. Jay, for himself, and as guardian of Nathaniel Wilson, the minor, filed a response to the said petition, traversing the allegation therein that the petitioner, Kate Wilson, was the widow of the decedent, denying her right either to be appointed or to name the person to be appointed by the court, and praying that the court appoints respondent as the administrator of the estate of decedent.

On hearing, the allegations of the respondent, Cecil D. Jay, were sustained, and the prayer of the petitioner was rejected, and an order made appointing Cecil D. Jay as administrator. From this order, the petitioner, Kate Wilson, appealed to the district court, where the order and judgment of the county court was affirmed. From this order and judgment of the district court, the said Kate Wilson brings the cause here, and makes various assignments of error.

Petition in error was filed October 19, 1922, and on motion of the plaintiff in error was advanced and set down for submission on the merits for the February term, 1923.

Plaintiff in error's brief does not undertake to discuss any of the assignments of error relied on by her for a reversal of this cause, but presents a question wholly foreign to the record, and which counsel for plaintiff in error and defendant in error say should be passed on by this court before the merits of this appeal are presented. The question raised for the first time by the briefs of counsel is best understood by reciting briefly these facts:

The decedent, Charles Wilson, was a Pawnee Indian. The petitioner, Kate Wilson, is also a Pawnee Indian. On the 18th of June, 1920, by warranty deed, lot 12, block 44, in the city of Pawnee, was purchased by the decedent, Charles Wilson. The deed executed contained this clause:

"Subject to the condition that while the title is in the grantee or his heirs. the land herein described shall not be alienated or incumbered without the consent of the Secretary of the Interior."

Indorsed on the deed was also this provision:

"Department of the interior,

"United States Indian Service.

"The consideration for the within deed is paid with funds held in trust by the United States for the benefit of the grantee.

"J. C. Hart,

"Superintendent."

And under this state of facts, as disclosed by the briefs solely, the question which counsel asks this court, as a preliminary, to decide, is:

"Can a Pawnee Indian purchase a lot or lots * * * which lot or lots have been on the commercial market, subject to taxation of the said county and state government, and subject to the jurisdiction of the state courts, with funds made available for him by the Pawnee Indian Agency, and by the Department of the Interior, having a restricted clause inserted in the deed of conveyance. and thereby take that lot or lots out from under the jurisdiction and control of the state courts of Oklahoma, and relieve it from state taxes?" (This statement of the question is taken from brief of counsel.)

The briefs fail to disclose why counsel argue that this question should be passed on preliminary to the presentation of the questions raised by the petition in error. The jurisdiction invoked by the only petition filed in this cause was that of the county court to appoint an administrator of the estate of the decedent, in which petition it was alleged that the decedent at the time of his death possessed divers characters of property, and said lot 12, block 44. was only

one piece of the real estate owned by him. It is recited in the briefs that since this proceeding was instituted, the Department of the Interior, acting presumably under a federal statute, has, at least for the purpose of the departmental control of property within its jurisdiction, found and determined that the petitioner, Kate Wilson, was in fact the wife of the decedent at the time of his death, and in dealing with the properties of the decedent has recognized her as such.

We are of the opinion that it would be ill-advised, should this court undertake to pass upon this question presented solely in the briefs. Counsel suggests that the court might on its own order serve notice on the United States Attorney for the Western District of Oklahoma to the effect that this court is assuming jurisdiction to pass on this matter, with a view that he make an appearance on behalf of the government, if he sees fit, and present this question raised in this court for the first time.

If this court should assume to pass on the question raised by counsel in this proceeding, it might serve no useful purpose. If the Department, as stated by counsel, has found that the petitioner, Kate Wilson, was in fact the widow, other persons, relying upon that determination, may have acquired an interest in the property in question, and if so, they would certainly have a right to be heard before there could be any binding determination adverse to their position. This is not a proceeding to determine heirship, for there is no petition filed herein having that in view; this is not an application to distribute the estate of decedent; but the question of whether the petitioner is the widow is one incidentally involved in the question of the appointment of the administrator. If the allegations of the petition for the appointment of the administrator are true, an administrator of the estate is none the less necessary, whether the said lot 12 is subject to the jurisdiction of the courts of Oklahoma or not. Counsel ask this court to enter a decree "ordering and directing the district court and county court of Pawnee county to vacate the decree entered therein, and discharge the administrator", if this lot 12 is not subject to state court jurisdiction. This court has no power to do this in this case, even should such conclusion be reached.

The county court would have had no jurisdiction to pass on the question here presented in this proceeding, had the same been there presented. The district court, on appeal from the county court, would have had

no jurisdiction to pass upon the question here presented, had the same been presented there, and this court declines to entertain this question under this state of the record.

As a matter of grace to counsel, if the plaintiff in error desires to present the errors complained of in the petition in error, he may file a brief within 20 days from this date, and the defendant in error may have 20 days to answer, and it is so ordered.

JOHNSON, C. J., and McNEIL, KANE, KENNAMER, NICHOLSON, and COCHRAN, JJ., concur.